**Aliance Sylvie GUEMING NENKAM,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

**No. 03–70626.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Nov. 17, 2004.

---

[redacted]

Teodora D. Harizanova, Casa Cornelia Law Center, San Diego, CA, for Petitioner.

Rose Kasusky, Casa Cornelia Law Center, Avantika Rao, Esq., San Diego, CA, Regional Counsel, Western Region Immigration & Naturalization Service, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Jeffrey J. Bernstein, Esq., Cindy S. Ferrier, Patricia A. Smith, Washington, DC, for Respondent.

[redacted]

Before: TASHIMA, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Aliance Sylvie Gueming–Nenkam, a native and citizen of Cameroon, claimed persecution on account of her membership in the Bamileke tribe and her political activities as part of the Social Democratic Front. The Immigration Judge ("IJ") denied Gueming–Nenkam's applications for asylum, voluntary departure, withholding of removal and protection under the Convention Against Torture. The IJ denied her applications based on his adverse credibility determination and found that her application was frivolous under 8 U.S.C. § 1158(d)(6). Gueming–Nenkam petitions for review of the Board of Immigration Appeals' ("BIA's") streamlined decision affirming the IJ's decision. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we affirm in part and reverse in part.

First, the BIA did not violate Gueming–Nenkam's due process rights in summarily affirming the IJ's decision. *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 850 (9th Cir.2003).

[redacted] Second, Gueming–Nenkam challenges the IJ's adverse credibility determination in numerous respects. At least as to the suspect nature of the arrest warrant and Gueming–Nenkam's failure to seek asylum in France, the IJ's credibility findings are supported by substantial evidence. *See Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *see also* 8 U.S.C. § 1252(b)(4)(B). These findings go to the heart of her claim. *See Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) ("So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the] claim of persecution, we are bound to accept the IJ's adverse credibility finding.").

[redacted] Finally, Gueming–Nenkam challenges the IJ's finding of frivolousness. Under 8 U.S.C. § 1158(d)(6), any individual who knowingly files a "frivolous" application for asylum shall be permanently ineligible for any immigration relief under the immigration laws. *See Farah v. Ash-*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*croft*, 348 F.3d 1153, 1157 (9th Cir.2003). "An asylum application is frivolous if any of its material elements is deliberately fabricated." *See* 8 C.F.R. § 208.20. Although the IJ found that the arrest warrant was suspect, he did not find that it was fabricated, nor does the record support his non-specific statement that "the evidence is replete with fabrication...." We therefore reverse the finding of frivolousness.

**AFFIRMED in part, REVERSED in part and REMANDED.**